# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 0698 | **DATE** | May 3, 2004 |
| **CASE TITLE** | *Hollinger International, Inc. v. Hollinger, Inc.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Defendant Hollinger, Inc.'s Motion for Finding of Relatedness and Reassignment of Actions.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 05 2004 date docketed | |
| | Docketing to mail notices. | | 38 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOLLINGER INTERNATIONAL, INC., )
)
Plaintiff, )
) Hon. Blanche M. Manning
v. )
) Case No. 04 C 0698
)
HOLLINGER, INC., et al. )
)
Defendants. )

## MEMORANDUM AND ORDER

The Present matter comes before this Court on Defendant Hollinger, Inc.'s ("Inc.")' Motion for Finding of Relatedness and Reassignment of Actions. Pursuant to Local Rule 40.4, Inc. seeks to have the following shareholder class actions ("the Class Actions") assigned to this Court: Teachers Retirement System of Louisiana v. Black, et al., No. 04 C 0834 (Judge Coar); Mozingo v. Black, et al., No. 04 C 1276 (Judge Manning); and Washington Area Carpenters Pension and Retirement Fund v. Hollinger International, Inc., No. 04 C 2505 (Judge Anderson).[1] For the Reasons set forth below, this Court DENIES this motion on the grounds the Court does not find that all four of the requirements in Local Rule 40.4(b) are met.

Plaintiff Hollinger International, Inc. ("International") brought this diversity action against its controlling shareholders, which includes Inc., the Ravalston Corporation, and Conrad Black, and three other related entities and persons ("the International Action"). International alleges that Defendants breached their common law fiduciary duties and were unjustly enriched by accepting improper payments from International, including "non-compete" payments and

---

[1] The Plaintiffs in case Nos. 04 C 0834 and 04 C 1276 have joined in Inc.'s motion.

"management service fee payments." In all, International seeks to recover over $200 million in alleged wrongful payments.

Subsequent to the filing of the International Action, purchasers of International's stock brought the Class Actions alleging misconduct under Federal and Illinois securities laws against International, the International Action Defendants, International's former outside auditor, and International's current and former board members. The Class Action Plaintiffs seek to certify a class consisting of all purchasers of International stock during the relevant time period. The Class Action Plaintiffs also seek to recover the dilution in value of their shares caused by alleged fraudulent and misleading statements by International and its directors, owners, and auditors, which allegedly stem from the "non-compete" payments and "management service fee payments" made to the International Defendants.

Whether to reassign a case under Local Rule 40.4 lies within the sound discretion of this Court. Clark v. Ins. Car Rentals Inc., 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999). To have a case reassigned based on relatedness, the moving parties must meet the requirements of both Local Rule 40.4(a) and (b). Lawrence Jaffe Pension Plan v. Household Int'l, Inc., No. 02 C 5893, 2002 WL 21011757, at *1 (N.D. Ill. May 5, 2003). Local Rule 40.4(a) states that "[t]wo or more civil cases may be related if" at least one of the conditions are met:

    (1) the cases involve the same property;
    (2) the cases involve some of the same issues of fact or law;
    (3) the cases grow out of the same transaction or occurrence; or
    (4) in class action suits, one or more of the classes involved in the cases is or are of the same.

Local Rule 40.1(a).

The second and more onerous of the reassignment criteria, see, e.g., Clark, 42 F. Supp. 2d at 848, states that a case may be reassigned only if "each of the following criteria are met":

(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
(4) the cases are susceptible of disposition in a single proceeding.

Local Rule 40.4(b).

Here, although International admits that all the actions "involve, at least in part, [the International Defendants'] misconduct in diverting International's assets to their own uses through improper non-competition fees and excessive management fees," it contends that factor (2)-(4) of Local Rule 40.4(b) are not met because "there are vast differences between the substantive claims, remedies, and defenses" in the International Action and the Class Actions.

In support of this contention, International cites Lawrence Jaffe Pension Plan, 2002 WL 21011757, a case in which Judge Guzman denied a motion to reassign a shareholder class action and a corporate derivative action, on the grounds that subsections (b)(2) and (4) of Local Rule 40.4 were not met.[2] The plaintiff in the derivative action alleged that corporate officers of the defendant corporation breached their duties of loyalty and due care and were unjustly enriched by wasting corporate assets. Id. at *1. In the shareholder class action, the plaintiffs alleged that the CEO and CEO made material misrepresentations in violation of federal securities law. Id. In finding that the two cases where related under Local Rule 40.4(a), the Court found that both

---

[2] The Court notes that Lawrence Jaffe Pension Plan is the only case in this district which involved a Local Rule 40.4 motion to reassign a shareholder class action and a corporate derivative action. Although Inc. attempts to distinguish this case, this Court finds it closely analogous to the present matter.

3

actions involved "some common issues of fact," namely that the underlying wrong doing in each case was the same. Id.

Judge Guzman, however, found that reassignment would not result in "substantial saving of judicial time and effort," as required by subsection (b)(2). Id. at *2. In making this finding, the court noted that the two actions "are fundamentally distinct" in that the class action alleges violations of federal securities law on behalf of a class of stock purchasers, while the derivative action alleges common law breach of fiduciary duty violations. Id. This distinction was important because the facts required to prove a federal securities violation "are clearly substantially different" than the facts needed to hold the defendants liable for breach of fiduciary duty. Id. The court also noted that while the cases included some of the same defendants, there were numerous defendants named in the derivative action not named in the securities action. Id. Consequently, Judge Guzman held that his "handling of both cases would not be likely to result in substantial saving of judicial time and effort."[3] Id.

The Court also found that subsection (b)(4) was not met because the two actions "are fundamentally distinct . . . making it extremely unlikely that the court could dispose of both cases in a single proceeding . . . . [in that] [a]ny motions for summary judgment would be unique to each particular case." Id. at *3. Accordingly, Judge Guzman denied the motion to reassign.

Here, this Court finds that, similar to Lawrence Jaffe Pension Plan, the criteria of Local Rule 40.4(b) are not met. Although the International Action and the Class Actions involve some of the same factual issues, resolving these issues together will not result in substantial judicial

---

[3] In making this finding, Judge Guzman acknowledged that "there would be some degree of savings of judicial time and effort," but not "substantial savings" as required by subsection (b)(2).

savings, as required by subsection (b)(2). The actions involve "fundamentally distinct" claims – breach of common law duties and securities law claims – which will require different discovery and legal findings. For example, the International Action is an action by International seeking recovery of the funds allegedly misappropriated by the International Defendants, while the Class Actions seek redress for the loss in value of the class members' stock. These different forms of relief will require different discovery and will require this Court to make distinct factual and legal findings. Likewise, the Class Actions will require the Court to decide whether to certify a class and which attorney to appoint as class counsel. Such a determination, which is not required in the International Action, will, in most likelihood, require discovery and substantial time to brief all the relevant legal and factual issues. Similarly, while the International Action names six defendants, the Class Actions seek recovery from not only these six but from International, its former outside auditor, and its current and former board members. Consequently, this Court finds granting the motion to reassign will not likely result in substantial judicial savings, as required by subsection (b)(2).

Accordingly, this Court DENIES the Motion for Finding of Relatedness and Reassignment of Actions.

## CONCLUSION

For the reasons discussed, the Court DENIES the Motion for Finding of Relatedness and Reassignment of Actions. It is so ordered.

ENTER:

DATE: 5-3-04

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**