# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOLLINGER INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | Case No. 04 C 0698 |
| ) | |
| HOLLINGER INC., et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The court previously dismissed a third-party complaint filed by a group the court refers to as the Black defendants, consisting of Conrad M. Black, Barbara Amiel Black, John A. Boultbee and Daniel W. Colson. The Black defendants stand accused of looting Hollinger International, Inc. of hundreds of millions of dollars. The Black defendants have moved the court to reconsider its dismissal, but, for the reasons that follow, the motion is denied.

## BACKGROUND

The third-party complaint sought contribution from three members of Hollinger International's Audit Committee. According to the third-party complaint, if the Black defendants are liable for looting Hollinger, then the members of the Audit Committee are equally liable because they failed to detect and stop the looting. The court dismissed the third-party complaint after determining that Illinois law governed the contribution claim, and that Illinois law prohibits contribution for breaches of fiduciary duty.

# ANALYSIS

The Black defendants contend that the court should reconsider its decision for two reasons. First, they assert that the court determined that Illinois law governed their contribution claims by impermissibly relying on facts outside the third-party complaint. Second, the Black defendants argue that even if the court properly relied on facts outside the third-party complaint, those facts do not lead to the conclusion that Illinois law governs their contribution claims.

### *Reliance on Allegations in the Underlying Complaint*

In determining that Illinois law governed the Black defendants' contribution claim, the court relied upon the choice of law rules of Illinois, the state in which the court sits. *Hinc v. Lime-O-Sol, Inc.*, 382 F.3d 716, 719 (7th Cir. 2004). According to Illinois' choice of law rules, contribution claims are governed by the law of the state with the most significant relationship to the parties and injury, *Miller v. Long-Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990), even when another state's law applies to the underlying breach of fiduciary duty claim, *Soo Lin R.R. Co. v. Overton*, 992 F.2d 640, 645 (7th Cir. 1993).

According to the parties, the laws of either Illinois or Delaware governed the contribution claim, and the court determined that between those two, Illinois had the most significant relationship. The court rested its decision upon the allegations in both the Black defendants' third-party complaint, as well as the second amended complaint filed against the Black defendants. Those facts included the following: Hollinger's corporate offices, corporate minutes and books, its largest holdings, one-thousand of its employees, and its legal counsel were all located in Illinois, which was also the site of meetings of its board, Audit Committee and Compensation Committee.

The Black defendants contend that the court impermissibly accepted as true allegations in the second amended complaint when evaluating whether Illinois or Delaware has the more significant relationship to the contribution claim.  Yet in their answers to the second amended complaint, the Black defendants individually admitted many of the facts the court relied upon. *See* Answer of Conrad Black ¶¶ 2 (Hollinger's largest holding was the Sun-Times newspaper in Chicago, and it owned 100 other Illinois newspapers), 53 (admitting that Hollinger's corporate office was in Chicago); Answer of Amiel Black ¶ 53 (admitting that Hollinger's corporate office was in Chicago); Answer of Boultbee ¶ 2 (Hollinger's largest holding was the Sun-Times newspaper in Chicago, and it owned 100 other Illinois newspapers); Answer of Colson ¶ 2 (Hollinger's largest holding was the Sun-Times newspaper in Chicago, and it owned 100 other Illinois newspapers).  Furthermore, even in their motion for reconsideration and in their reply brief in support of the motion, the Black defendants do not contest the truthfulness of those facts.

As for the remaining allegations, the court recognizes that the defendants "emphatically deny" allegations in the second amended complaint that they breached their fiduciary duties by looting money and property from Hollinger's corporate headquarters in Illinois.  Third-Party Complaint ¶ 3.  However, the Black defendants also acknowledge that the viability of their contribution claim is predicated on a determination that those allegations are true.  Because the court accepted as true the claims for contribution in the third-party complaint, the court necessarily needed to accept as true the underlying allegations of breach of fiduciary duty. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006) (for purposes of resolving a motion to dismiss, a court accepts as true the well-pleaded facts in the complaint); *see also Amerifreight v. APL Land Transport. Servs., Inc.*, No 96 C 1547, 1997 WL 250484, at *1

(N.D. Ill. Feb. 20, 1997) (allegations in both third-party complaint *and* underlying complaint accepted as true on motion to dismiss).

### *Application of Illinois Law to Contribution Claim*

Even accepting as true all the events that allegedly occurred in Illinois, the Black defendants contend that Delaware law nevertheless governs their contribution claim. They give several reasons for this. First, they argue that the third-party defendants will be liable for contribution only if they breached their own fiduciary duties to Hollinger International, a determination that must be made under Delaware law. *See Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 96 (Ill. App. Ct. 2002) ("Pursuant to Illinois choice-of-law principles, the fiduciary duty claims are governed by the laws of the state of incorporation.") Therefore, according to the Black defendants, the contribution claim should also be governed by Delaware law. The Black defendants made a similar argument when opposing the motion to dismiss, which the court rejected. *See Moore v. Wausau Club*, 777 F. Supp. 619, 620 (N.D. Ill. 1991) (contribution "is a separate issue, requiring a separate choice of law analysis.") A motion to reconsider is not a second chance to pursue a losing argument. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003) (a motion to reconsider does not merely give losing parties "opportunity to reargue the merits of their cases.")

Second, the Black defendants argue the court denied them the chance to address the choice-of-law issue, and as a result, they never presented a host of facts that would have compelled the court to apply Delaware law. The proposed facts included the following: (1) Hollinger International had holdings not only in Illinois, but also in England and Canada; (2) two of three third-party defendants lived outside Illinois, one in New York and the other in

Washington, D.C.; (3) several of the Black defendants were citizens of Canada or the United Kingdom, and lived in England, Canada, Florida or New York. The Black defendants offer up pages more of facts in their reply brief.

Initially the court notes that nothing prohibited the Black defendants from addressing the choice-of-law issue raised by the motion to dismiss. As noted in the order granting the motion to dismiss, the Black defendants urged the court to apply Delaware law to the contribution claim because that is the law that applies to the fiduciary duty claims. That argument demonstrates that the Black defendants recognized that a choice of law needed to be made. That the Black defendants chose cursorily to ask the court to apply Delaware law rather than engage in a full-blown choice-of-law analysis does not afford them the chance to do so for the first time in a motion to reconsider. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (a motion for reconsideration is not a vehicle to tender new legal theories for the first time).

Moreover, although their newly-offered facts show that the relationship between the parties was not limited to Illinois, it cannot escape notice that none of these additional facts involve activity in Delaware. Nevertheless the Black defendants contend that Delaware law should apply because Hollinger International is a "multinational corporation," and as such has a "need for uniformity in the application of the law to the relationships between directors and the company and among directors." But the only case they cite in support, *Nagy v. Riblet Products Corp.*, 79 F.3d 572, 576 (7th Cir. 1996), states merely that the law of the state of incorporation governs fiduciary duty claims—the case does not involve a contribution claim. The Black

defendants have thus failed to provide any reason for ignoring Illinois' choice of law rules in cases involving multinational corporations.

## CONCLUSION

Accordingly, for the reasons stated, the Black defendants' motion for reconsideration [537-1] is DENIED.

ENTER:

DATE: May 15, 2006

_____
Blanche M. Manning
United States District Judge