# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HOLLINGER INTERNATIONAL, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 04 C 698 |
| HOLLINGER INC.; THE RAVELSTON ) | |
| CORP. LTD.; RAVELSTON ) | Magistrate Judge Maria Valdez |
| MANAGEMENT, INC.; CONRAD M. ) | |
| BLACK; F. DAVID RADLER; JOHN A. ) | |
| BOULTBEE; DANIEL W. COLSON; ) | |
| BARBARA AMIEL BLACK; and ) | |
| RICHARD PERLE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Sun-Times Media Group, Inc.'s Motion for Entry of Its Proposed Scheduling Order [Dkt. 698]. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

The gravamen of the Plaintiff's 44-count Complaint is that Defendants wrongfully diverted cash and assets to themselves through, among other things, obtaining improper management fees, non-compete payments, broker fees, compensation in the form of salary and bonus payments, loans, and below-market transfers and purchases of Plaintiff's assets.

On March 21, 2005, the United States Attorney's Office ("USAO") publicly disclosed its criminal investigation of defendants Black, Radler, and Hollinger, Inc. as well as unidentified "others," in the context of a motion to intervene and for a limited, temporary stay of discovery in SEC v. Black, et al. No. 04 C 7377. On April 18, 2005, Defendants filed a motion to temporarily postpone certain depositions in light of the ongoing criminal investigation. In a Memorandum Opinion and Order dated July 15, 2005 (the "7/15/05 Order"), the Court denied Defendant's Motion.

On August 18, 2005, an indictment was returned against two individuals and one corporation, including civil defendants Radler and Ravelson Corporation Ltd. On August 31, 2005, the Government filed a motion to intervene and stay. In a Memorandum Opinion and Order dated February 20, 2006 (the "2/20/06 Order"), the Court granted the Government's Motion.

On July 13, 2007, following approximately for months of trial, a jury convicted Defendants Black and Boultbee, along with Peter Y. Atkinson and Mark S. Kipnis, of three counts of mail fraud, in violation of 18 U.S.C. §1341, including the deprivation of the tangible right to honest services, in violation of 18 U.S.C. §1346. In addition, the jury convicted Defendant Black of one count of obstructing justice, in violation of 18 U.S.C. §1512(c)(1).

On December 10, 2007, Defendants Black and Boultbee were sentenced. On December 27, 2007, Defendant Conrad Black filed his notice of appeal. On January 4, 2008, Defendant Boultbee filed his notice of appeal.

**DISCUSSION**

"'[A] district court possess[es] substantial discretion to control its docket," which includes the power to issue a stay of some or all proceedings. *Bd. Of Trs. Of Ironworkers Local No. 498 Pension Fund v. Nationwide Life Ins. Co.,* No. 04 C 821, 2005 WL 711977, at *9 (N.D. Ill. March 28, 2005) (quoting *Employers Ins. Of Wausau v. Shell Oil Co.,* 820 F.2d 898, 902 (7th Cir. 1987)). It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action. *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001); *SEC v. Dresser Industries, Inc*., 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993 (1980) (*citing United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). Depending on the particular facts of the case, the court *may* decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *Dresser Industries,* 628 F.2d at 1375.

When deciding whether to grant a stay, courts consider six factors: (1) the posture of the criminal proceeding; (2) whether the civil and criminal matters involve the same subject; (3) whether the government entity that has initiated the criminal case or investigation is also a party in the civil case; (4) the burden the civil case will have on the defendants if a stay is denied the effect of granting or denying the stay on the public interest; (5) the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff will suffer from delay; and (6) the effect of granting or denying a stay on the public interest. *Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997); *In re Anicom Inc. Sec. Litig.* No. 00 C 4391, 2002 WL 31496212, at *1 (N.D. Ill. Nov. 8, 2002). The Court will address each factor in turn.

**A. Posture of Criminal Proceedings**

The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter. *Dresser Industries,* 628 F.2d at 1376-76; *Doe v. City of Chicago*, 360 F.Supp.2d 880, 881 (N.D. Ill. 2005); *United States v. All Meat and Poultry Prods. Stored at Lagrou Cold Storage*, No. 02 C 5145, 2003 WL 22284318, at *4 (N.D. Ill. Oct. 3, 2003); *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989). While the Constitution does not mandate a stay in such circumstances, *Dresser Industries*, 628 F.2d at 1375, denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination.

The Fifth Amendment privilege against self-incrimination does not end once guilt has been adjudicated. *Mitchell v. United States,* 526 U.S. 314, 324 (1999) (rejecting the Third Circuit's ruling that "'incrimination is complete once guilt has been adjudicated.'"). The Fifth Amendment's protection against self-incrimination applies until "the sentence has been fixed and the judgment of conviction has become final." *Id.* at 326. Only when "no adverse consequences can be visited upon the convicted person by reason of further testimony" does the conviction become final. *Id.*

The question of finality is critical because testimony offered in a related civil proceeding continues to have the potential to prejudice a defendant in connection with an appeal and a potential retrial. *See, Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,* No. 00 Civ. 7352, 2004 WL 1418201, at *1 (S.D.N.Y. June 23, 2004) ("Even now, after sentence has been imposed, [defendant's] privilege assertion remains reasonable, for he has appealed his conviction and thus remains in jeopardy insofar as any testimony he offers in these proceedings could potentially

4

prejudice him either in connection with this appeal or at a possible retrial."); *United States v. Duchi*, 944 F.2d 391, 294 (8th Cir. 1991) ("[T]he Fifth Amendment right not to testify concerning conviction has been affirmed on appeal."); *Mills v. United States*, 281 F.2d 736, 741 (4th Cir. 1960). *But see Dellinger v. Mitchell,* 442 F.2d 782, 785-86 (D.C. Cir. 1971).

Because Defendants Black and Boultbee have appealed their convictions to the Seventh Circuit their protection against self-incrimination should be preserved until the criminal proceedings have become final. As a result, this factor weighs in support of a continued stay.

**B. Overlap of Issues**

When there is substantial overlap of the issues involved in the civil and criminal proceeding, "the risk of impairing a party's Fifth Amendment rights is rather severe." *All Meat*, 2003 WL 22284318, at *4; *see Admiral Ins. Co. v. Fed. Sec., Inc.,* No. 94 C 5649, 1996 WL 139243, at *1 (N.D. Ill. March 26, 1996) ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter . . .").

Because the Plaintiffs have made no material alteration to the allegations in the civil complaint there still exists overlap between the complaint and indictment. While the overlap may be limited, it still exists and thus this factor weighs in favor of continuing the stay.

**C. Government Involvement in the Civil Case**

The government is not a party to this litigation, but has intervened in the case. Plaintiffs claim that "The USAO has informed International, however, that it has no intention of participating in discovery here and is withdrawing altogether." Pl.'s Rep. In Further Supp. of Its

Mot. For Entry of Its Prop. Scheduling Ord. at 11. The government has yet to withdraw, and as Defendants argue, "Indeed, if the government is permitted to attend civil depositions (or obtain transcripts) those depositions become another form of discovery for purposes of sentencing and potential re-trials. Def.'s Opp. To Pl.'s Mot. For Entry of Its Prop. Scheduling Ord. at 9. Thus, this factor weighs in favor of continuing the stay.

### D. Burden on Defendants

Proceeding with discovery would force the Defendants into the uncomfortable position of having to choose between waiving their Fifth Amendment privilege or effectively forfeiting the civil suit. If the Defendants invoke their constitutional privilege during civil discovery, not only does this prevent them from defending their position, it may subject them to an adverse inference from their refusal to testify. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify . . ."). On the other hand, if any Defendant fails to invoke his Fifth Amendment privilege, he waives it, and any evidence adduced in the civil case can then be used against him in the criminal trial. *See Parallel Proceedings,* 129 F.R.D. at 205-06. Defendants have shown that they run the risk of having their Fifth Amendment rights impaired through appeal.

### E. Prejudice to Plaintiff

Plaintiff has a strong interest in the expeditious resolution of the civil proceedings. Plaintiffs argue that if discovery is postponed evidence will be lost as people's memories fade. This Court is not persuaded. On the contrary, due to the overlapping issues in the criminal and

6

civil trials, the criminal justice system has safeguarded evidence and any resulting incarceration could only serve to insure the availability of the parties. While stale memories pose a serious risk, it simply is insufficient to overcome the real probability of prejudice to Black and Boultbee.

Plaintiffs also argue that prolonging discovery may lead to dissipation of assets. Yet, Plaintiff was unable to identify a single instance of dissipation of assets. *See In re Adelphia,* 2003 WL 22358819 at *4 (plaintiffs not prejudiced by stay because they could "point to no evidence that Defendants are intentionally liquidating assets or otherwise trying to gain an advantage during the delay"). Moreover, both Black and Boultbee were ordered to pay restitution as part of their sentencing.

The Court appreciates that this stay will result in some inconvenience and delay to Plaintiffs. Nonetheless, the Fifth Amendment is the more important consideration. *Mitchell* 526 U.S. 327; *Craft* 2006 WL 3359424, at *1.

**F. Interests of the Court, the Public, and Third Parties**

The interests of the public, the court, and third parties also caution against granting a stay. As the Court stated previously, "the criminal case will vindicate the same public interests as the civil case, *e.g.*, preventing corporate fraud and recouping Hollinger's assets." Feb. 28, 2006 Order at 7. Defendants Black and Boultbee were found guilty and ordered to pay restitution. Plaintiff can point to no compelling and immediate public interest that is likely to be harmed by not lifting the stay. *Compare Brock v. Tolkow,* 109 F.R.D. 116, 120 (E.D.N.Y. 1985) *(*granted stay despite allegations of ERISA violations because no allegations that beneficiaries

were not receiving benefits); *Dresser,* 628 F.2d at 1377 (denied stay to avoid the "[d]issemination of false or misleading information by companies to members of the investing public"). The public's interest has been preserved in the criminal trial.

## CONCLUSION

For the reasons set forth above, Plaintiff Sun Times Media Group, Inc.'s Motion for Entry of Its Proposed Scheduling Order [Dkt. No. 698] is DENIED.

**SO ORDERED.**   **ENTERED:**

**Dated: January 16, 2008**   _____
   **HON. MARIA VALDEZ**
   **United States Magistrate Judge**